IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDDIE DEWAYNE LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-20-950-SLP |
| | ) |
| SCOTT CROW, | ) |
| | ) |
| Respondent. | ) |

**O R D E R**

Petitioner, Eddie DeWayne Lee, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. He challenges the constitutionality of his state court convictions and sentences in the District Court of Oklahoma County, State of Oklahoma, Case Nos. CF-1986-5774, murder in the first degree; CF-1986-5783, burglary in the first degree; and CF-1986-5788, burglary in the first degree, two counts of rape in the second degree, two counts of forcible oral sodomy, and robbery with firearms. Petitioner was 15-years old at the time he committed the offenses. The state district court sentenced Petitioner to two life sentences and 20 years of imprisonment, to be served consecutively.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), this matter was referred for initial proceedings to United States Magistrate Judge Suzanne Mitchell, and later reassigned to United States Magistrate Judge Amanda Maxfield Green. Judge Green conducted an initial review of the Petition, *see* Rule 4 of the Rules Governing § 2254 Cases, and issued a Report and Recommendation [Doc. No. 10] (R&R) finding the Petition should dismissed as

untimely filed under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d).  Judge Green further found that Petitioner is not entitled to statutory or equitable tolling of the limitations period.

Petitioner timely filed an Objection [Doc. No. 11] to the R&R.[1]  Thus, the Court must make a de novo determination of the portions of the R&R to which a specific objection is made, and may accept, reject, or modify the recommended decision, in whole or in part.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  As set forth, Petitioner challenges only Judge Green's finding that there is no basis for equitable tolling of the limitations period.  Review of all other issues addressed by Judge Green is waived.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

The AEDPA imposes a one-year statute of limitations for Section 2254 habeas petitions brought by state prisoners.  *See* 28 U.S.C. § 2244(d)(1).  The period begins to run from "the latest of" four dates:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Petitioner's filing is entitled "Challenging Anti-Terrorism and Effective Death Penalty Act of 1996."  Petitioner mailed his filing on February 11, 2021.  *See* Envelope [Doc. No. 11-2].  The R&R provides any objections must be filed on or before February 16, 2021.  The Court construes this filing as Petitioner's timely objection to the R&R.

>   (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D)   the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence.

*Id.* Unless a petitioner alleges facts implicating the provisions set forth in § 2244(d)(1)(B), (C) or (D), the limitations period generally begins to run from the date on which the conviction became final. *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

As stated, Petitioner does not challenge the Magistrate Judge's finding that, for purposes of § 2244(d)(1)(A), his conviction became final on March 22, 1987. He further does not dispute that he did not timely file his Petition on or before April 24, 1997, the expiration of the one-year period for prisoners, like Petitioner, whose convictions became final prior to the effective date of the AEDPA. *See* R&R at 4 (citing *United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003)).[2]

The Magistrate Judge also addressed the timeliness of the Petition under § 2244(d)(1)(C) based on Petitioner's reliance upon *Graham v. Florida*, 560 U.S. 48 (2010) made retroactive by *Montgomery v. Louisiana*, -- U.S. --, 136 S.Ct. 718 (2016) as grounds for habeas relief. The Magistrate Judge concluded the Petition was untimely under that

---

[2] As Magistrate Judge Green noted, pursuant to the prison mailbox rule, the Court deems the Petition filed on June 21, 2018, the day Petitioner signed the Petition and placed it in the prison mailing system, even though it was received and file-stamped in this Court on June 27, 2018. *See* R&R at 3, n. 4.

triggering provision as well. *See* R&R at 5-8.³ Petitioner makes no challenge to that finding.

Additionally, Petitioner does not dispute that he is not entitled to any statutory tolling of the limitations period. As the Magistrate Judge found, he did not attempt to file any form of state post-conviction relief until after expiration of the respective limitations periods and, therefore, he is not entitled to statutory tolling. *See* R&R at 4-5, 7-8.

Finally, the Magistrate Judge found Petitioner is not entitled to equitable tolling of the limitations period. Petitioner's objection is addressed only to the issue of equitable tolling.

Petitioner argues that his facility has been on lockdown. He also argues his facility does not have an "individual with some-type knowledge dealing with the Court's Procedures or Rules of Law." *See* Obj. at 7. He states these factors prohibited his access to a law library so that he could "work on [his] case" and "make [his] filing in a timely fashion." *Id*. He also points to certain policies of the Oklahoma Department of Corrections providing for the number of hours per week the law libraries are to be open. These allegations are missing from the Petition and were not addressed by Magistrate Judge Green.⁴

---

³ As set forth in the R&R, Magistrate Judge Green "assume[d], favorably to Petitioner, that his argument relies on the new rule of law recognized by *Miller* [*v. Alabama*, 567 U.S. 460 (2012)] and made retroactive by *Montgomery*." *Id*. at 6-7.

⁴ In the Petition, Petitioner referenced the doctrine of equitable tolling but stated no facts to support why equitable tolling should apply. Instead, Petitioner argued equitable tolling is warranted because the "State Court's opinion involved an unreasonable determination of the United States Supreme Court's determination of *Graham v. Florida*, 560 U.S. 48 (2010) made retroactive by

4

Section 2244(d)'s limitations period "may be equitably tolled if the petitioner 'diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control.'" *Loftis v. Chrisman*, 812 F.3d 1268, 1272 (10th Cir. 2016) (quoting *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)). "Equitable tolling is a rare remedy to be applied in unusual circumstances" and "[a]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Al-Yousif v. Trani*, 779 F.3d 1173, 1179 (10th Cir. 2015) (internal quotation marks and citations omitted)).

"[I]t is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing [of a petition for writ of habeas corpus]." *Marsh*, 223 F.3d at 1220 (internal quotation marks and citation omitted). Moreover, "allegations regarding insufficient library access, standing alone, do not warrant equitable tolling." *Weibley v. Kaiser*, 50 F. App'x 399, 403 (10th Cir. 2002). Petitioner must provide "specificity regarding the alleged lack of [law library] access and the steps he took to diligently pursue his federal claims." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). "It is not enough to say that the [prison] facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." *Id.*; *see also Mayes v. Province*, 376 F. App'x 815, 816-17 (10th Cir. 2010) ("In order to establish a

---

*Montgomery v. Louisiana*, [-- U.S. --, 136 S.Ct. 718 (2016)] which announced a new rule of constitutional law applying to cases on collateral review." *See* Pet. [Doc. No. 1] at 21 (citing 28 U.S.C. § 2244(d)(1)(C)). Petitioner's citations reference a triggering date for the commencement of the statute of limitations period. As set forth, Magistrate Judge Green considered whether the Petition was timely under § 2244(d)(1)(C) and found it was not – a finding Petitioner does not challenge.

violation of the constitutional right of access, an inmate must demonstrate, among other things, how the alleged shortcomings in the prison actually hindered his efforts to pursue a legal claim." (internal quotation marks and citation omitted)).

Additionally, "[w]hile prison lockdowns are uncontrollable, they merely impede access to the relevant law, which [the Tenth Circuit] ha[s] continuously ruled insufficient to warrant equitable tolling." *Winston v. Allbaugh*, 743 F. App'x 257, 258 (10th Cir. 2018) (citations omitted). Thus, "equitable tolling is not justified by prison lockdowns in the absence of a showing of additional circumstances that prevented timely filing." *Id*. at 259; *see also Jones v. Taylor*, 484 F. App'x 241, 242-43 (10th Cir. 2012) (although "a complete denial of access to materials at a critical time may justify equitable tolling" no such tolling was warranted based on allegations that defendant was "a layman with limited knowledge of the law", prison law library had "only some law books on a few shelves", prisoners could access law library "only with pre-approval and then only for limited periods of time" and that "he was denied access to the library during a facility lockdown lasting nearly six months").

Here, Petitioner does not provide any specificity with respect to his allegations of his denial of access to a law library. He does not state whether he requested legal materials, or what legal materials were needed. He also does not provide any dates as to when he was denied access. Additionally, Petitioner does not describe the circumstances of the lockdown or the dates during which he was subject to any lockdown. Finally, Petitioner fails to show how he otherwise diligently pursued his claims. In this regard, and most

fundamentally, Petitioner fails to explain why he waited over five and a half years after *Miller* and more than one year after *Montgomery* to pursue his applications for state post-conviction relief.  For all these reasons, Petitioner has not satisfied his strong burden to demonstrate with specific facts that grounds for equitable tolling of the limitations period exist.[5]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 10] is ADOPTED and the action is dismissed with prejudice as untimely pursuant to 28 U.S.C. § 2244(d).[6]  A separate judgment shall be entered accordingly.

IT IS FURTHER ORDERED that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petitioner.  A COA may issue only upon "a substantial showing of the denial of a constitutional right."  *See* 28 U.S.C. § 2253(c)(2).  When the district court dismisses a habeas petition on procedural grounds, the petitioner must make this showing by demonstrating both "[1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that

---

[5] Magistrate Judge Green further found no basis to bypass the statute of limitations based on a fundamental miscarriage of justice and the Court concurs with this analysis.  *See* R&R at 10.  Petitioner raises no objection to this finding.

[6] A dismissal on grounds the Petition is untimely should be with prejudice. *Taylor v. Martin*, 757 F.3d 1122, 1123 (10th Cir. 2014) (denying COA and dismissing appeal of § 2254 habeas petition dismissed with prejudice as untimely under § 2244(d)); *see also Davis v. Miller*, 571 F.3d 1058, 1061 n. 2 (10th Cir. 2009) (recognizing that dismissal under Fed. R. Civ. P. 41(b) of § 2254 habeas petition without prejudice was tantamount to dismissal with prejudice because "the one-year statute of limitations bars [petitioner] from refiling his [habeas] petition"); *Brown v. Roberts*, 177 F. App'x 774, 778 (10th Cir. 2006) ("Dismissal of a [§ 2254 habeas] petition as time barred operates as a dismissal with prejudice[.]").

jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court finds that reasonable jurists would not debate the correctness of the Court's determinations that the Petition is time-barred and that Petitioner has not demonstrated any circumstances excusing the untimeliness of his Petition. The Court therefore denies a COA.

    IT IS SO ORDERED this 25th day of February, 2021.

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE